# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW FIELDS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-0306 |
| | : | |
| v | : | |
| | : | (JUDGE MANNION) |
| FEDERAL BUREAU OF PRISONS *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff, Andrew Fields, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned Bivens[1] action pursuant to 28 U.S.C. §1331. (Doc. 1, complaint). The named Defendants are the Federal Bureau of Prisons ("BOP") and nineteen (19) BOP employees. Id. The allegations in Plaintiff's thirty-three (33) page complaint span the months of March 2017 through January 2018, and contain claims of "all sorts of deliberate harassment from: excessive unnecessary use of pepper spray, cruel and unusual punishment, mail tampering, inadequate celling whereas Plaintiff is always housed in cells located at the rear of the housing unit tiers, denied recreation, denied access to the law library, denied the right to receive legal copies, grievance procedures and sexual

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

harassment." Id.

On April 17, 2018, Plaintiff filed a motion for leave to file a supplemental complaint, in which Plaintiff attaches a fourteen (14) page supplemental complaint, which seeks to add additional Defendants and claims to Plaintiff's original complaint. (Doc. 20).

By Order dated April 18, 2018, the Court construed Plaintiff's motion to supplement as a motion to amend his complaint and granted him until May 9, 2018 to file one complete and all inclusive amended complaint. (Doc. 23).

By Order dated May 9, 2018, Plaintiff was granted an enlargement of time, until May 28, 2018, to file his amended complaint. (Doc. 25).

By Order dated June 7, 2018, Plaintiff was granted an additional enlargement of time, until June 29, 2018 within which to file an amended complaint. (Doc. 27). The Court noted that no further enlargements of time would be granted.

To date, Plaintiff has neither filed an amended complaint, nor requested an enlargement of time within which to do so.[2]

---

[2]To the extent that Plaintiff filed a document on June 18, 2018, entitled "Motion Seeking Order to be re-issued Confiscated Legal Documents" in which Plaintiff states that this Court's April 18, 2018 Order and form complaints were confiscated from his cell on April 27, 2018, the Courts finds this motion to be nothing more than another dilatory tactic on Plaintiff's part, as this argument was considered by the Court in its June 7, 2018 Order granting Plaintiff until June 29, 2018 to file his amended complaint.

**II. Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff was advised of the necessity of responding to the Orders of Court dated April 18, 2018, May 9, 2018 and June 7, 2018, and is personally responsible for failing to do so. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal preparation. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's failure to respond to the deadlines in the above-captioned action and

3

to the Orders of Court dated April 18, 2018, May 9, 2018 and June 7, 2018, constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without the filing of an amended complaint. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to follow court order.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States District Judge**

**Dated:   July 20, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0306-01.wpd