UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FIELDS : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:18-0306 |
| v. : | (JUDGE MANNION) |
| FEDERAL BUREAU OF PRISONS, : *et al*., | |
| **Defendants** : | |

## MEMORANDUM

### I. Background

Plaintiff, an inmate formerly confined at the United States Penitentiary, Lewisburg, Pennsylvania[1], originally filed the above captioned civil rights action pursuant to 28 U.S.C. §1331 against the Federal Bureau of Prisons (BOP) and nineteen (19) BOP employees. (Doc. 1, complaint).

On April 17, 2018, Fields filed a motion for leave to file a supplemental complaint which sought to add additional defendants and claims to Field's original complaint. (Doc. 20).

By Order dated April 18, 2018, Fields was instructed to file an amended complaint which should set forth Plaintiff's claims in short, concise, and

---

[1] Plaintiff is currently housed in the Lee United States Penitentiary, Jonesville, Virginia.

legible statements that comply with Rules 8(a) and (d) of the Federal Rules of Civil Procedures. (Doc. 23). In response to this Court's Order, Fields filed a motion to stay proceedings and requested an enlargement of time to file an amended complaint. (Doc. 24).

By Order dated May 9, 2018, the Court granted Fields' motion for extension of time and denied the motion to stay proceedings. (Doc. 25). In response to the Court's May 9, 2018, Order, Fields filed a motion for reconsideration (Doc. 26), which was construed as a second motion for enlargement of time to file an amended complaint which was granted on June 7, 2018. (Doc. 27).

On June 18, 2018, Fields filed a motion seeking an order to be reissued which sought free legal copies of all of his filings up to that point. (Doc. 28).

By Memorandum and Order dated July 20, 2018, the Court dismissed this matter pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute and comply with court orders. (Docs. 29, 30). On July 31, 2018, Fields filed a notice of appeal. (Doc. 31).

On November 13, 2019, the United States Court of Appeals issued an amended judgment wherein the Court vacated the District Court's order and remanded the case back to the District Court for further proceedings. (Doc. 38).

By Order dated November 15, 2019, this Court directed the Clerk of Court to reopen the case and ordered Plaintiff to file an amended complaint before December 16, 2019. (Doc. 39). The Order warned Plaintiff that the failure to file an amended complaint would result in the case proceeding on the original complaint. Id.

On April 3, 2020, Plaintiff filed his Amended Complaint. (Doc. 49). In his amended complaint, Fields has added new claims and named various other individuals in the caption to include BOP employees from the United States Penitentiary in Tucson, Arizona, which is not within this Court's jurisdiction. Id.

Presently before the Court is a motion for a more definite statement filed on behalf of Defendants Jeffrey Stroud, Senior Officer; Matthew Hess, Senior Officer Specialist; Brent Chappell, Senior Officer; Jeremy Dressler, Unit Manager; James Diltz, Counselor; Jennifer Enigk, Acting Chief Psychologist; Leonard Potter, Emergency Medical Technician; Matthew Fahringer, Paramedic; Thomas Benedict, II, Senior Officer; Alfred Scott, Lieutenant; Danon Colbert, Associate Warden; Jay Rhodes, Captain; Justin Leonowicz, Lieutenant; Rodney Troutman, Lieutenant; Matthew Barth, Emergency Medical Technician; and Heide Wilson, Lieutenant. (Doc. 50).

For the reasons set forth below, the Court will grant Defendants' motion for a more definite statement to the extent that the plaintiff will be given one more opportunity to file a Second Amended Complaint.

II.     **Rule 12(e) Standard**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Under Federal Rule of Civil Procedure 8(a) a complaint should consist of short and plain statements setting forth the basis for jurisdiction, the claims, and a demand for judgment for the requested relief. It is initially noted that although *pro se* litigants such as Fields are entitled to liberal treatment,[2] they are not free to ignore the Federal Rules of Civil Procedure. "A court may grant a Rule 12(e) motion when the pleading is so vague or ambiguous that the opposing party

---

[2] See Haines v. Kerner, 404 U.S. 519, 520 (1972).

cannot respond even with a simple denial in good faith ....” Hicks v. Arthur, 843 F.Supp. 949, 959 (E.D.Pa.1994).

III.     **Discussion**

“Pleadings must be construed so as to do justice.” Fed. R. Civ. P. 8(e). Rule 8(d)(1) states, in pertinent part, that “[e]ach allegation must be simple, concise and direct.” Rule 20(a)(2), states that “[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.” Fed. R. Civ. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits “joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact.” 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

Fields' amended complaint violates Federal Rules of Civil Procedure 8 and 20. Plaintiff's complaint is not simple, concise, and direct as required by

Rule 8(d)(1). Moreover, is completely fails to comply with Rule 20. It is set forth in a 119-page narrative, which is then broken down into twelve claims, which contains exhibits within each claim. (Doc. 49). It contains no captions and lists a plethora of alleged constitutional violations occurring while Plaintiff was housed at USP-Lewisburg, as well as when he was confined in USP-Tucson, Arizona. Id. The claims against the various Defendants identify separate unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants. In response to Defendants' motion, Plaintiff acknowledges that his complaint contains Defendants from outside of the Middle District and asks that the USP-Tucson Defendants be dismissed, as he has brought a separate action against them in the Arizona District Court. (Doc. 60). Plaintiff's request is easier said than done, as his amended complaint is completely nonsensical and incoherent and does not allow for the parsing out of Defendants. Thus, the Court will grant Defendants' motion for a more definite statement by directing the plaintiff to file a Second Amended Complaint that comports with Fed. R. Civ. P 8 and 20.

      The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, compels compliance with Rule 20. Specifically, under the PLRA

the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Based on the above, the Court will grant Corrections Defendants' motion and Fields will be afforded one last opportunity to file a proper Second Amended Complaint.

### IV.   Conclusion

For the above stated reasons, the Court will grant Defendants' motion for a more definite statement (Doc. 50) to the extent that the Amended Complaint will be dismiss, without prejudice. Fields will be afforded one last opportunity to file a proper Second Amended Complaint.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 17, 2021**
18-0306-02