UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW FIELDS | : |
|          Plaintiff | :   CIVIL ACTION NO. 3:18-0306 |
| | : |
|    v. | :   (JUDGE MANNION) |
| | : |
| FEDERAL BUREAU OF PRISONS, | : |
| et al., | |
|          Defendants | : |

**MEMORANDUM**

**I.   Background**

Plaintiff, an inmate formerly confined at the United States Penitentiary, Lewisburg, Pennsylvania[1], originally filed the above captioned civil rights action pursuant to 28 U.S.C. §1331 against the Federal Bureau of Prisons (BOP) and nineteen (19) BOP employees. (Doc. 1, complaint).

By Order dated April 18, 2018, Fields was instructed to file an amended complaint which should set forth Plaintiff's claims in short, concise, and legible statements that comply with Rules 8(a) and (d) of the Federal Rules of Civil Procedures. (Doc. 23). In response to this Court's Order, Fields filed

---

[1] On January 5, 2023, Plaintiff filed a notice of change of address, indicating that he is currently housed in the United States Penitentiary, Pollack, Louisiana. (Doc. 83).

a motion to stay proceedings and requested an enlargement of time to file an amended complaint. (Doc. 24).

By Order dated May 9, 2018, the Court granted Fields' motion for extension of time and denied the motion to stay proceedings. (Doc. 25). In response to the Court's May 9, 2018, Order, Fields filed a motion for reconsideration (Doc. 26), which was construed as a second motion for enlargement of time to file an amended complaint, and which was granted on June 7, 2018. (Doc. 27).

On June 18, 2018, Fields filed a motion seeking an order to be reissued which sought free legal copies of all of his filings up to that point. (Doc. 28).

By Memorandum and Order dated July 20, 2018, the Court dismissed this matter pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute and comply with court orders. (Docs. 29, 30). On July 31, 2018, Fields filed a notice of appeal. (Doc. 31).

On November 13, 2019, the United States Court of Appeals issued an amended judgment wherein the Court vacated the District Court's order and remanded the case back to the District Court for further proceedings. (Doc. 38).

By Order dated November 15, 2019, this Court directed the Clerk of Court to reopen the case and ordered Plaintiff to file an amended complaint

before December 16, 2019. (Doc. 39). Plaintiff's action is currently proceeding on a Second Amended Complaint, filed on May 31, 2022. (Doc. 72).

On January 10, 2023, Defendants filed a motion to dismiss and for summary judgment. (Doc. 84). Subsequently, on February 7, 2023, Defendants filed a supporting brief and statement of materials facts. (Docs. 90, 91).

By Order dated February 22, 2023, the Court granted Plaintiff until March 24, 2022, to file a brief in opposition and a statement of material facts responding to the numbered statements in Defendants' statement of material facts. (Doc. 93). Plaintiff failed to respond to this Court's February 22, 2023 Order.

By Order dated June 22 2023, the Court directed Plaintiff to show cause on, or before, July 7, 2023, as to why the instant action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. (Doc. 71). To date, Plaintiff has failed to respond to this Court's Order. In fact, on July 6, 2023, the Court's Order was returned with the notations, "return to sender, refused, unable to forward" and "person not found at this facility." (Doc. 95). Thus, for the reasons set forth below, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630–31; see also Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors":

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Poulis factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." Mindek, 964 F.2d at 1373. No one factor is determinative and not all of the Poulis factors must be met to warrant dismissal. Mindek, 964 F.2d at 1373; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the Poulis factors in the case at bar weighs heavily in favor of dismissing this action.

## II. Discussion

### 1. Plaintiff's Personal Responsibility

Looking to the Poulis factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Fields. Because Fields is a *pro se* litigant, he is solely responsible for prosecuting his claim. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a pro se litigant is responsible for his failure to comply with court orders." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); see also Emerson, 296 F.3d at 191; Winston v. Lindsey, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Fields has failed to abide by Court Orders and neglected to litigate this case. Specifically, Fields has failed to file a brief in opposition to Defendants' pending motion to dismiss and for summary judgment, despite being directed to do so by the Court. Additionally, Fields was specifically warned that his failure to file an opposition brief or respond to the Court's Order may result in the dismissal of this action. As of the date of this Memorandum, Fields has failed to comply with either directive. Moreover, Local Rule of Court 83.18

requires *pro se* plaintiffs to keep the court informed of their current address. Pursuant to Rule 83.18, "[i]f your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing." Accordingly, the first Poulis factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

As for the second Poulis factor, a finding of prejudice does not require "irremediable harm." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Fields' failure to respond to the Court's Orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by Fields could not seek a timely resolution of the case. Accordingly, the Court finds that the second Poulis factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or

consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Emerson, 296 F.3d at 191 (*per curium*) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." Adams, 29 F.3d at 875. Here, Fields has not only failed to respond to the Court's Orders requiring him to file a brief in opposition, but he has failed to show cause why this action should not be dismissed. In fact, Fields has not communicated with the Court since the filing of his February 21, 2023 motion for enlargement of time to file a brief in opposition to Defendants' motion to dismiss and for summary judgment. (See Doc. 92). Accordingly, Fields' actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth Poulis factor requires the Court to consider whether Fields' conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." Adams, 29 F.3d at 875-76. "Under this

- 8 -

factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." Briscoe, 538 F.3d at 262 (quotation omitted). Here, Fields' failure to abide by multiple Orders by the Court and failure to file a brief in opposition to Defendants' motion "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth Poulis factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth Poulis factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Fields], is proceeding pro se." See Lopez, 435 F. App' x at 116; Emerson, 296 F.3d at 191 (*per curiam*); Nowland v. Lucas, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Fields is proceeding *pro se* and *in forma pauperis,* there is no evidence to suggest that paying monetary sanctions will remedy Fields' deficiencies.

Therefore, monetary sanctions would not be effective in this case. Moreover, Fields' failure to respond to Court Orders leads to an inference that further orders to him would not be effective. Accordingly, the fifth Poulis factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final Poulis factor enjoins the Court to consider the meritoriousness of Fields' claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869–70). Here, assuming for the sake of argument that Fields' claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigant. The Plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'

- 10 -

Mindek, 964 F.2d at 1373." Briscoe, 538 F.3d at 263. Therefore, the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent imposition of sanctions. This is particularly true in this instant case, where Fields' actions reveal that he has abandoned this litigation.

### 7. Balancing the Poulis factors

To reiterate, when weighing the Poulis factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. Briscoe, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single Poulis factor is dispositive," and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373.

In sum, the Poulis factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that Fields has made no effort to prosecute his case as evidenced by his failure to respond to this Court's Orders, his complaint will be dismissed for failure to prosecute. See Silbermonn, 2021 WL 1705228, at *3.

## IV. **Conclusion**

Fields's last communication with the Court was on February 21, 2023. Fields' prolonged failure to communicate with the court and comply with its orders has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the Poulis factors, it is clear that the factors militate in favor of dismissal of Fields' claims.

A separate Order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**Date: July //, 2023**
18-0306-03